# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0834 | **DATE** | 8/16/2011 |
| **CASE TITLE** | Gerrell Love (#M-14122) vs. M. Sanders, et al. | | |

**DOCKET ENTRY TEXT:**

The order to show cause is discharged. The defendants' motion to dismiss [#19] is granted in part and denied in part. Michael Randle and Marcus Hardy are dismissed as defendants; in addition, the plaintiff's official capacity claims and request for injunctive relief are dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Sanders, Abernathy, and Ellis are directed to answer or otherwise plead within twenty-one days of the date of this order.

■ **[For further details see text below.]**                                        **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Stateville Correctional Center, violated the plaintiff's constitutional rights by subjecting him to cruel and unusual conditions of confinement. More specifically, the plaintiff alleges that he was placed in two cellhouses that were filthy and that lacked proper plumbing; that he was denied cleaning supplies to make his environment more livable; that he became ill on account of the deplorable conditions; and that he was denied needed medical attention for his injuries.

The plaintiff having belatedly filed a response to the defendants' motion to dismiss, the order to show cause is discharged. It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).    To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a plaintiff need only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

In the case at bar, the factual allegations in the amended complaint are enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. The court already conducted the required threshold review under 28 U.S.C. § 1915A and found that the plaintiff had articulated actionable claims. As previously discussed, the Eighth Amendment requires that inmates be furnished with basic human needs. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993); *Christopher v. Buss*, 384 F.3d 879, 881-82 (7th Cir. 2004); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) ("The state must provide an inmate with a healthy, habitable environment") (citation omitted). Prison officials violate an inmate's constitutional rights in conditions of confinement cases where the alleged deprivation is "sufficiently serious" (the objective standard) and (2) the officials act with deliberate indifference (the subjective standard). *Farmer v. Brennan*, 511 U.S. 825 (1994); *Lehn v. Holmes*, 364 F.3d 862, 872 (7th Cir. 2004). Here, the plaintiff alleges that his living conditions were so filthy as to cause illness, and that the defendant cell house officers both ignored his requests for cleaning supplies and denied him needed medical attention. Of course, to survive summary judgment, the plaintiff will have to substantiate his claims; his cursory response to the motion to dismiss is barely adequate.

Nevertheless, because the plaintiff does not dispute that Warden Marcus Hardy and IDOC Director Michael Randle lacked direct, personal involvement in the events giving rise to this action, they are dismissed as defendants. *See, e.g., J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

In addition, the plaintiff's official capacity claims, as well as his request for injunctive relief, are dismissed. If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is rendered moot unless he can demonstrate that he is likely to be "retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (internal citations and quotations omitted). Moreover, the Eleventh Amendment bars suits for damages against state officials in their official capacities. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005) (citations omitted). The plaintiff may therefore proceed only against defendants Sanders, Abernathy, and Ellis, and only to the extent they are sued in their individual capacities.
**(CONTINUED)**

| **STATEMENT (continued)** |
|---|

For the foregoing reasons, the defendants' motion to dismiss is granted in part and denied in part. The amended complaint is dismissed as to defendants Randle and Hardy; the plaintiff's official capacity claims and request for injunctive relief are also dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Sanders, Abernathy, and Ellis are directed to answer or otherwise plead within twenty-one days of the date of this order.